U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA

**IT IS ORDERED as set forth below:**

**Date: August 22, 2018**

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

In re:

**SANDALWOOD NURSING CENTER, INC.**,

Debtor.

**CASE NO. 18-58957-PMB**

**SCHULER, HALVORSON, WEISSER, ZOELLER & OVERBECK, PA ON BEHALF OF RUBY LACROIX**,

Movant,

v.

**SANDALWOOD NURSING CENTER, INC.**,

Respondent.

CONTESTED MATTER

CHAPTER 7

**ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY**

This matter comes before the Court on a *Motion for Limited Relief from the Automatic Stay and Brief in Support Thereof* filed by Schuler, Halvorson, Weisser, Zoeller & Overbeck, PA on behalf of Ruby LaCroix ("Movant") on July 16, 2018 (Docket No. 13)(the "Motion"). In the

Motion, Movant seeks relief from the automatic stay to liquidate a pending personal injury tort claim (the "Claim") in the Circuit Court of Seventh Judicial District in and for Volusia County, Florida (the "Florida Court") brought by Ruby LaCroix ("Ms. LaCroix") against the Debtor referenced above (the "Debtor"), a former nursing care facility. Movant explains in the Motion that the Claim arises from alleged nursing home negligence under Florida law, and that the Claim had been pending for almost two and one half (2 1/2) years at the time the instant bankruptcy case was filed. In addition to pursuing the Claim in the Florida Court, Movant also seeks an order permitting Ms. LaCroix to exercise all rights and remedies she may have against any non-debtors/co-defendants, including an order authorizing her to pursue insurance carriers.

The Motion was scheduled for a hearing on August 6, 2018 at 1:30 p.m. (the "Hearing"). At the Hearing, Movant appeared in support of the Motion, and counsel for the Debtor appeared in opposition. Movant reiterated at the Hearing that the Claim has been pending in the Florida Court for almost two and one half (2 1/2) years, and that the instant bankruptcy case was filed on the eve of trial. Movant argued that the operation of the automatic stay in this case results in prejudice against Ms. LaCroix, as she is effectively being denied the opportunity to litigate her tort claim against the Debtor, and that further delaying the litigation could result in loss of evidence and witnesses. Movant noted that the Claim is grounded purely in state law, and is a type of claim (personal injury) over which this Court lacks jurisdiction. Movant also contended at the Hearing that the Debtor had sold its business nearly one (1) year prior to filing this case, and that because the Debtor is a corporate Chapter 7 debtor, there will be no discharge. *See* 11 U.S.C. § 727(a)(1). Accordingly, Movant argued that the only purpose for this case is for the Chapter 7 Trustee to review the conditions of the pre-bankruptcy sale and its impact on the

Debtor's creditors, such that no prejudice would result to the Debtor if the stay was lifted. Lastly, Movant asserted that lifting the automatic stay for the limited purpose of allowing Ms. LaCroix to liquidate the Claim against the Debtor and pursue her rights and remedies against non-debtor parties would have no effect on the Debtor's assets or the administration of this bankruptcy case. Rather, Movant argued that lifting the stay would permit Ms. LaCroix to establish the amount of the Claim against the Debtor and pursue her rights and remedies against non-debtors and insurance carriers, if available.

The Debtor argued at the Hearing that the automatic stay should not be lifted to permit Ms. LaCroix to liquidate the Claim in the Florida Court. The Debtor noted that the merits of the Claim were not as straightforward as Movant represented, such that stay relief would be inappropriate under the cases cited in the Motion. The Debtor also explained that, if the Florida litigation were to continue, the Debtor would be forced to hire counsel to proceed with the litigation to trial, which was set to occur shortly before the Debtor filed this bankruptcy case. The Debtor explained that, because it had sold its business prior to trial, there was no money left to pay for such legal representation. Thus, the Debtor asserted that it was entitled to the protection of the automatic stay to permit it some reprieve from defending the Claim. Alternatively, the Debtor conceded that if the stay was lifted, Ms. LaCroix should be prohibited from pursuing collection efforts against the Debtor until the earlier of either the Chapter 7 Trustee's entry of a report of no distribution or the closing of the case.

After the Hearing, the parties were permitted by the Court to file supplemental briefs to further support their respective positions. In Movant's *Supplemental Brief in Support of Motion for Relief from the Automatic Stay* (Docket No. 18)("Movant's Supplemental Brief"), it argues

that the Debtor lacks standing to oppose the Motion. Movant argues that because the Debtor will not receive a discharge in this case, the Debtor lacks a sufficient "injury in fact" under the constitutional test for standing. Movant also asserts that Debtor has no pecuniary interest in this bankruptcy case, and that the Debtor should not be able to oppose the Motion where: (i) the Chapter 7 Trustee does not oppose the Motion, and (ii) granting the relief sought in the Motion will not impact the administration of the this case. Movant further contends that because the automatic stay in this case serves no bankruptcy purpose, the Debtor lacks standing to oppose the lifting of the stay.

In the Debtor's *Reply to Motion for Limited Relief from the Automatic Stay* (Docket No. 19)(the "Reply"), it argues that although the existence of the stay in a corporate Chapter 7 filing is limited, the Debtor is nonetheless entitled to *some* relief from the Florida litigation by virtue of filing the instant case. The Debtor contends that, as a Chapter 7 corporate debtor, it is entitled to the opportunity to dissolve its business peacefully, free of the harassment caused by the Florida litigation. The Debtor also asserts in the Reply that, because Movant cannot show that a separate entity will shoulder the burden of defending the Claim, the Debtor's fresh start would be frustrated if the Florida litigation were to continue. The Debtor also explains that lifting the stay in this case would result in prejudice to the Debtor—it would be forced to retain counsel to defend the Claim at a time when it has no assets to afford such representation, resulting in the entry of a default judgment on the Claim.[1] The Debtor also asserts that it does not have an

[1] The Debtor also argues that the Claim will not succeed on the merits, as the negligence underlying the Claim is the presence of bedsores that were being treated when Ms. LaCroix was discharged from the Debtor's nursing home facility for non-payment.

insurance carrier that would defend the Claim on its behalf.[2] Moreover, the Debtor contends that Ms. LaCroix will not be prejudiced if the stay remains in place, as there should be no outstanding evidence or witnesses to be found since the Claim was ready to proceed to trial immediately prior to the filing of this case. The Debtor also asserts that Movant has no standing to prosecute the Motion.[3]

Based upon the arguments asserted in the various pleadings noted *supra* and the arguments made on the record at the Hearing, the Court finds that granting Movant limited relief from the automatic stay is appropriate at this time.

**DISCUSSION**

**I. Standing**

In Movant's Supplemental Brief, Movant argues that the Debtor lacks standing to object to Movant's request to lift the automatic stay, relying predominantly upon *In re Mohr*, 538 B.R.

[2] At the Hearing, there appeared to be a dispute between counsel as to whether there was any available insurance. There was reference to a $50,000 liability policy, although there was also discussion about it being a "claims made" policy pursuant to which no claim had been timely asserted. No evidence was presented by either party at the Hearing.

[3] The Debtor cites to no statutory authority or case law support for this proposition. All the Debtor asserts in support of this contention is that Movant has no interest in the Debtor's petition. At the outset of the Hearing, the Court inquired into the relationship between Movant, counsel for Movant in this bankruptcy case ("Movant's Counsel"), and Ms. LaCroix. Movant's Counsel stated that she represented Movant, the law firm representing Ms. LaCroix in the Florida litigation. This relationship appears sufficient to confer standing on Movant for these limited purposes.

882 (Bankr. S.D. Ga. 2015).[4] Although the court in *Mohr* considered the constitutional and bankruptcy-specific requirements for standing, the facts of that case are distinctly different from those in this case, making *Mohr*'s holding inapplicable here.

In *Mohr*, the court addressed whether an individual chapter 7 debtor, who had already received a discharge, had standing to object proofs of claim and a motion for stay relief filed by a creditor. The creditor's claims arose from the debtor's personal guaranty on loans made to an entity ("BMB") in which the Debtor, through another corporation, held a fifty percent (50%) interest. Thus, the borrower on the underlying loans was not the debtor in the bankruptcy.

The *Mohr* court found that the debtor, who had received a discharge in that case, lacked standing to oppose the motion for relief. *In re Mohr*, 538 B.R. at 888.[5] In so doing, it appears

[4] Movant's Supplemental Brief also references the cases of *In re Moore*, 450 B.R. 849 (Bankr. N.D. Ind. 2011) and *In re Hurvitz*, 554 B.R. 35 (Bankr. D. Mass. 2016). The court in *Moore* found a lack of debtor standing where the focus of the stay relief was lack of adequate protection or lack of equity. *In re Moore*, 450 B.R. at 852 ("When a creditor seeks relief from stay due to a lack of adequate protection or a lack of equity in property, the central issue involves a relationship (adequate protection, yes or no; equity, yes or no) between the creditor, its collateral, and the bankruptcy estate, which is administered by the trustee; it does not involve the circumstances existing between the debtor and the moving creditor.)." Here, lack of adequate protection or lack of equity are not the grounds upon which stay relief is sought. Rather, this case involves a dispute between the Debtor and Movant that is likely to continue, as the Claim will not be discharged in this case (*see* 11 U.S.C. § 727(a)(1)), and the Chapter 7 Trustee has not expressed an interest in defending the Claim. The court in *Hurvitz* found that the debtor had standing to object to a motion for stay relief where the basis of such relief was to enforce a noncompetition agreement that the court found to be nondischargeable in the bankruptcy. *Hurvitz*, 554 B.R. at 40. The holding in *Hurvitz* actually appears to support a finding that the Debtor has standing, as the *Hurvitz* court's finding that the underlying claim was nondischargeable appeared to support its conclusion that the debtor had standing to oppose stay relief. *Id*. at 37, fn.1 ("In a Chapter 7. . . case the debtor has standing to object to relief from the automatic stay only in relatively limited circumstances. This is such a circumstance.")(internal quotations and citations omitted).

[5] Movant also argues in Movant's Supplemental Brief that the finding in *Mohr* that the debtor's lack of pecuniary interest in objecting to the creditor's claims also supports the Debtor's lack of standing here. In *Mohr*, the court noted that "[g]enerally, debtors have a pecuniary interest if the particular debt may be declared non-dischargeable in the debtor's bankruptcy case." *In re Mohr*, 538 B.R. at 887. In *Mohr*, the debtor had received a discharge of personal liability on the creditor's claims. Thus, the court found that the debtor lacked a pecuniary interest in those claims. *Id.* Here, Movant asserts constantly that the Debtor will not receive a discharge. Accordingly, it appears that the Debtor has a pecuniary interest in the Claim. As a result, Movant's reliance on *Mohr* in support of its lack of pecuniary interest argument is misplaced. In fact, the existence of the Debtor's pecuniary interest in the Claim supports a finding that the Debtor has standing to object to the Motion.

that the court found the nature of the underlying debt an important consideration. The debtor merely guaranteed the underlying loans, and the borrower was not a debtor in the bankruptcy. The *Mohr* court noted that because there is no co-debtor stay in a chapter 7 bankruptcy, the automatic stay did not extend to separate legal entities such as BMB, the borrower on the underlying debt. Thus, the court found that although "BMB may have a defense in the non-bankruptcy court actions. . . [d]ebtor lacks standing to oppose the motion for relief in this bankruptcy court." *Id*.

The circumstances of this case differ materially from the facts in *Mohr*. First, and most significantly, unlike in *Mohr*, the Debtor has not received a discharge; in fact, both parties agree (and Movant continuously asserts in its pleadings) that the Debtor, as a corporation in a Chapter 7, will not receive a discharge. *See* 11 U.S.C. § 727(a)(1). Thus, the underlying claim will not be discharged, such that the Debtor's liability on such claim will survive this case. Second, the nature of the underlying debt is different than the debt in *Mohr*. Here, the Debtor itself is directly liable on the underlying claim; the underlying claim does not involve solely non-debtor parties who are not protected by a co-debtor stay. Thus, the Debtor has an actual and direct interest in the Claim, unlike the debtor in *Mohr*.

Although "[i]n a Chapter 7 case . . . the debtor has standing to object to relief from the automatic stay only in relatively limited circumstances," this Court finds that such a circumstance exists here. *Moore*, 450 B.R. at 852. More specifically, the Supreme Court has established a three (3) part test for determining constitutional standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury

> and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The first factor for constitutional standing, an "injury in fact," can only be satisfied upon the showing of actual or threatened injury. *Matter of Iles*, 2017 WL 6550494, at *3 (Bankr. N.D. Ga. December 21, 2017). "In a bankruptcy proceeding, an actual or threatened injury is shown when a party's pecuniary interest may be affected by the outcome of the decision." *Id.* In the context of objecting to motions for relief from the automatic stay, a debtor maintains a pecuniary interest if the underlying debt will not be discharged. *Accord Mohr*, 538 B.R. at 887. Here, both parties agree that the Claim will not be discharged in this case. *See* 11 U.S.C. § 727(a)(1). Because the Debtor's liability on the Claim will not be discharged, the Debtor has a pecuniary interest in the outcome of the Motion. Moreover, the parties stated at the Hearing that the Chapter 7 Trustee in this case has not expressed an interest in defending the Claim on the Debtor's behalf; thus it appears that Debtor will bear the responsibility of litigating the Claim. Accordingly, the Debtor satisfies the "injury in fact" prong of the constitutional standing test as it maintains a pecuniary interest in the outcome of the litigation on the Claim.

As to the second and third constitutional factors, there is a causal connection between the injury the Debtor may suffer if the stay is lifted, and such an injury could be redressed by a favorable decision. As noted previously, the Debtor has argued that if the stay in this case is lifted, it will be forced to defend the Claim in the Florida Court. Thus, there exists some causal connection between the relief sought in the Motion and the effect that granting stay relief will

have on the Debtor's pecuniary interest in the Claim. Further, it is likely that such an effect on the Debtor's pecuniary interest could be redressed by a favorable decision, such as denying the Motion and keeping the automatic stay in place. Consequently, the Debtor has standing to oppose Movant's request for relief from the automatic stay.

**II. Relief from the Automatic Stay**

Upon the filing of a bankruptcy petition, the automatic stay of 11 U.S.C. § 362(a)(1) arises to prevent various collection efforts against the Debtor, including "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). Section 362(d)(1) provides relief from such stay "for cause,'' such as pending litigation against a debtor in a non-bankruptcy forum. 11 U.S.C. § 362(d)(1); *In re Coachworks Holdings, Inc.*, 418 B.R. 490, 492 (Bankr. M.D. Ga. 2009). In determining whether to lift the automatic stay to permit a party to proceed with pending litigation, courts apply a three (3) factor balancing test:

> 1. [W]hether any great prejudice to either the bankruptcy estate or the debtor will result from prosecution of the lawsuit;
> 2. [W]hether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor; and
> 3. [W]hether the creditor has a probability of success on the merits of his case.

*In re Robertson*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000). Other relevant factors considered by courts in making this determination include:

> (1) whether relief would result in partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involve third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other

> action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Coachworks Holdings, Inc.*, 418 B.R. at 492-93 (citing *Sonnax Ind., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Ind., Inc.*), 907 F.2d 1280, 1286 (2nd Cir. 1990)). The relevance of these factors varies by case, and courts may afford different weights to various factors. *Id.* at 493.

In reviewing those factors, first, as Movant noted at the Hearing, this Court does not have jurisdiction to adjudicate the Claim, but instead it would have to be heard, if heard here at all, in the District Court. *See* 28 U.S.C. § 157(b)(5). Second, it appears that the interests of judicial economy and expeditious resolution of the Claim cut in favor of lifting the stay. The litigation involving the Claim has been pending for nearly two and one half (2 1/2) years, with this bankruptcy case having been filed on the eve of trial on the Claim. Significant time and resources have likely been expended on litigating the Claim. This fact, coupled with the fact that the Claim cannot be liquidated here, cuts in favor of lifting the automatic stay.

It also does not appear that lifting the automatic stay will result in significant prejudice to the Debtor. The instant case, a Chapter 7 corporate case, will not result in reorganization or a discharge; thus, the Debtor's liability on the Claim will remain after this case is closed. Moreover, the Debtor will, at some point, be forced to litigate the Claim in the Florida Court if Ms. LaCroix wants to continue to pursue it. Although the Debtor stated at the Hearing that filing the instant case was due in part to its inability to fund the Florida litigation at trial, such a predicament will still exist whether or not the stay is lifted: if the stay is lifted, the Debtor will

have to determine whether it can fund defending the Claim now; if the stay is not lifted, the Debtor will still have to make this determination once this case closes, as the stay will no longer be in effect (*see* 11 U.S.C. § 362(c)) and the Claim will not be discharged. Thus, the Court does not find that lifting the stay would cause great prejudice the Debtor, as no evidence was presented that shows that granting stay relief at a later date would be less prejudicial to the Debtor than lifting the stay immediately.[6] Consequently, the inevitability of the termination of the stay in this case also weighs in favor of granting the relief sought in the Motion. Whether the stay will be lifted is merely a matter of timing. Even if the stay is not lifted pursuant to the Motion, it would nonetheless end as to Movant and the Claim upon the closing of the case, which does not appear to be far off based upon review of the docket.

Conversely, it appears that further delaying the Florida litigation will prejudice Ms. LaCroix. The parties, including Ms. LaCroix, have been litigating this Claim for a significant amount of time, and this bankruptcy case appears to have been filed on the eve of trial, thwarting Ms. LaCroix's opportunity to take the Claim to trial. According to Movant, active discovery has taken place during the pendency of the Claim, and it is possible that evidence or witnesses may be unavailable if the Florida litigation is further delayed.

Further, it does not appear that litigating the Claim would cause interference with the administration of this case, so long as the Movant does not seek to recover from assets of the estate. As both parties noted, the Chapter 7 Trustee has not expressed an interest in defending

---

[6] The Court acknowledges that lifting the stay at this point may result in the Debtor defaulting on the Claim, as it asserts it has no funds to defend the Claim at trial. Although a harsh result, the Debtor does not explain why such a result would also not present if the stay were lifted a later point in time. In other words, the Debtor faces the threat of defaulting on the Claim regardless of when the stay is lifted.

the Claim, nor did she appear at the Hearing to oppose stay relief. Moreover, the Claim is not subject to discharge in this case. Lastly, the Court notes that granting relief from the stay to permit the Florida Court—a different forum—to liquidate the Claim would not result in prejudice to other creditors in this case, as this Court is without jurisdiction to decide the Claim.

After review of the pleadings filed in this matter and the arguments made at the Hearing and in the filed pleadings, and after careful consideration of the foregoing factors, including: prejudice to Movant and the Debtor, the interests of judicial economy, the effect the Claim will have on the administration of this case, and the current state of the Florida litigation, the Court will grant Movant limited relief from the automatic stay as set forth below. Accordingly, it is hereby

**ORDERED** that the Motion is **GRANTED** as to Movant as provided in Paragraph A below, subject to the limitations set forth in Paragraph B below:

A. The automatic stay afforded by 11 U.S.C. § 362(a) is **MODIFIED** to permit the Movant to (i) proceed with liquidating the Claim in the litigation pending in the Florida Court; (ii) obtain a judgment against the Debtor and collect any amounts which may be due to Ms. LaCroix from insurance carriers or other non-debtor codefendants; and (iii) file a claim against the Debtor in this case within thirty (30) days of any judgment of the Florida Court becoming final, so long as this bankruptcy case is still pending at such time.

B. Movant may not pursue collection efforts against the Debtor, the Debtor's property, or property of this bankruptcy estate until such time as this bankruptcy case is closed, absent further order of this Court.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Movant, counsel for Movant, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**